# SMITH MAZURE

ATTORNEYS AT LAW

———————●———————

Smith Mazure Director Wilkins Young & Yagerman, P.C.

| **Long Island Office:** | | **New Jersey Office:** |
|---|---|---|
| 200 Old Country Road, Suite 435 | 111 John Street | 92 East Main Street, Suite 402 |
| Mineola, New York 11501 | New York, New York 10038 | Somerville, New Jersey 08876 |
| (516) 414-7400 | (212) 964-7400 | (908) 393-7300 |
| (516) 294-7325 Fax | Fax (212) 374-1935 | Fax (908) 231-1030 |

*Writer's Direct Dial:* (212) 485-8708
mkuntz@smithmazure.com

*Please Respond to:*
New York, NY

November 25, 2014

Hon. Shira A. Scheindlin, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street,, Room 1050
New York, NY  10007-1312

      Re:    Makeda Allen-Francis v. The City of New York, Riverbay Corporation and Co-op City Department of Public Safety, Docket 1:14-cv-01738-SAS

Dear Hon. Judge Scheindlin,

      We write in advance of the December 1, 2014 Pre-Trial conference scheduled before Your Honor at 2:30pm. As required by the Court, this letter is to advise as to our client's intent to file a motion for summary judgment under FRCP 56, et. seq. Plaintiff alleges false arrest and excessive force in violation of her civil rights under the U.S. Constitution and New York State Constitution, and pendent New York state tort claims for false arrest, assault, and conversion.

      We represent Riverbay Corporation and Co-op City Department of Public Safety . As an initial matter, despite being sued as separate entities, these defendants are truly one defendant. Co-op City Department of Public Safety is a department within Riverbay Corporation; it is not a separate entity. As such, we have only a single client: Riverbay Corporation. Public Safety Officers are deputized peace officers with police power within the restricted area of their employment. In this case, the officers act only within Riverbay Corporation's property, commonly known as Co-Op City. We note that the claims against the co-defendant, The City of New York, were dismissed without prejudice pursuant to a stipulation endorsed by Your Honor on September 19, 2014.

      This case stems from the arrest of plaintiff ("Ms. Allen-Francis") by officers of the Co-op City Department of Public Safety at approximately 7:24pm on July 6, 2013, in the lobby of 140 Carver Loop, Bronx, NY. Prior to plaintiff's arrest, an altercation took place between Public Safety officers and a male suspect ("Mr. Harris"), following a confrontation in a nearby parking garage. The officers deployed "OC" (a/k/a pepper spray), and Mr. Harris fled to the lobby of 140 Carver Loop (a/k/a Building 11C). At that time, Ms. Allen-Francis interjected herself into the disturbance, by entering the lobby. She alleges that she began using her mobile phone to record the incident. Plaintiff's interrogatories admit that she was shouting at the officers to desist, and claims that they were abusing Mr. Harris. Ms. Allen-Francis claims that the officers, aware of

her video recording, arrested her under false pretenses, used excessive force, destroyed the video she recorded, physically and sexually assaulted her, and left her personal property behind when she was arrested, leading to the loss of $1500.00 in personalty and cash.

Security video obtained from the incident (enclosed) depicts an entirely different event than claimed by Ms. Allen-Francis. The video from the lobby door clearly shows the Public Safety officers engaged in a physical confrontation with the male suspect, directly inside the lobby doors of the building. Ms. Allen-Francis is seen entering the lobby, and standing <u>directly</u> adjacent to the struggle. Plaintiff is shown wearing white shorts, with white sunglasses on her head, carrying a red handbag. The video suggests that plaintiff is holding an item in her hand, which cannot be discerned. The video then depicts an officer (later identified as Lt. Christopher Bulat), attempting to sequester plaintiff from the confrontation, using his right arm to hold plaintiff back. The video depicts plaintiff shoving Lt. Bulat in the arm and chest, at which time, a struggle ensued between Ms. Allen-Francis and Lt. Bulat. As a result of her confrontation with Lt. Bulat, he directed her arrest for disorderly conduct. Plaintiff claims she was punched in the face, but no such strike is depicted in any of the videos.

Video showing the lobby elevators depicts plaintiff's actual arrest. A Public Safety officer is demonstrated pulling plaintiff away from the officers' conflict with Mr. Harris, and spinning her down to the ground, where she was handcuffed. There is no depiction of any sexual groping or assault as alleged by plaintiff. She is brought to her feet, and escorted under her own power out of the lobby. Her red handbag is retained by the lobby attendant. The handbag is returned to plaintiff at the time she was discharged from the Public Safety base, under her own power, and without apparent distress (video also enclosed). Plaintiff herself produced video (enclosed) which depicts a noisy crowd of observers who were recording the arrests from outside the glassed-in lobby. Plaintiff confirmed at deposition that she could have videoed the event from outside the same lobby.

Regarding plaintiff's claims of false arrest, probable cause to arrest is a complete defense to such a claim. "The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." <u>Alvarado v. City of New York</u>, 453 Fed. Appx. 56, 58 (2d Cir. 2011). See <u>Bernard v. United States</u>, 25 F.3d 98, 102 (2d Cir. 1994), <u>Shamir v. City of New York</u>, 2014 U.S. Dist. LEXIS 97805, at *9-*11 (S.D.N.Y. 2014), <u>Johnson v. Police Officer #17969</u>, 2000 U.S. Dist. LEXIS 18521, at *7 (S.D.N.Y. 2000). "In determining whether probable cause existed for an arrest, we consider those facts available to the officer at the time of the arrest and immediately before it." <u>Alvarado</u>, 453 Fed. Appx. at 58. As Ms. Allen-Francis admitted (and proved by plaintiff's own production of video), she could have recorded video from outside the lobby. Instead, she entered an ongoing conflict, then pushed against Lt. Bulat, who attempted to sequester her away from the arrest of Mr. Harris. This provided probable cause for her arrest for Disorderly Conduct.

Regarding the claim for excessive force in the arrest, plaintiff's claim must also fail, as plaintiff did not suffer any more than *de minimus* injury, and the force used was reasonable. "[R]easonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." <u>Johnson</u>, 2000 U.S. Dist. LEXIS 18521 at *11 (citing <u>Graham v. Connor</u>, 490 U.S. 386 (1989), and relying on <u>Terry v. Ohio</u>, 392 U.S. 1 (1986)), <u>Lemmo v. McCoy</u>, 2011 U.S. Dist. LEXIS 23075 at *12-*14

(E.D.N.Y. 2011), Lieberman v. City of Rochester, 2011 U.S. Dist. LEXIS 46295 at *14-*15 (W.D.N.Y. 2011). Moreover, when the injuries alleged are *de minimus*, plaintiff's claims are subject to dismissal. Johnson, 2000 U.S. Dist. LEXIS 18521 at *14-*15 (discussing Hudson v. McMillian, 503 US. 1 (1992)). In Johnson, the plaintiff suffered "a knot on...the face...and tenderness of [the] rib." *Id.*, at *14. Given plaintiff's interjection into an active confrontation between Public Safety officers and Mr. Harris, and given her struggle with Lt. Bulat prior to her arrest, it was reasonable for officers to take her to the ground in effecting her arrest, for their own safety, for the safety of all bystanders, and to avoid additional interference with the arrest of Mr. Harris. Moreover, plaintiff's injury claims can be distilled into her deposition description of a sore back, and a diagnosis of post-traumatic stress disorder ("PTSD"). Even if credible, the diagnosis of PTSD would not indicate excessive force, as it is not a physical injury. Plaintiff also admits a prior diagnosis and treatment for bi-polar disorder and depression. Moreover, hospital reports from the night of plaintiff's arrest indicate the type of bruising which lead to a dismissal of excessive force claims in Johnson. X-ray reports from the hospital indicate no fractures or significant soft-tissue injury. Under the circumstances, plaintiff's physical injuries are *de minimus*, and the use of force in effecting plaintiff's arrest was reasonable.

Regarding plaintiff's claims under the New York State Constitution, they are dismissible, as a result of the similar/duplicative claims made under 42 U.S.C. §1983. De Ratafia v. County of Columbia, 2013 U.S. Dist. LEXIS 138169 at *29-*30 (N.D.N.Y. 2013); Coakley V. Jaffe, 49 F. Supp. 2d 615, 628-629 (S.D.N.Y. 1999), Brown v. State, 89 N.Y2d 172, 192 (1996). State assault claims are subject to §1983 excessive force analysis. Lennon v. Miller, 66 F.3d 416, 425 (2d Cir. 1995). Plaintiff's claims for conversion of her personal property are belied by the video, which depicts the return of her handbag at the police station. As to the claims for damage to her phone and glasses, same would be addressed under the analysis of excessive force, and subject to dismissal, as they were apparently damaged in plaintiff's arrest.

For the reasons set forth herein, defendant Riverbay Corporation requests a briefing schedule for a Rule 56 summary judgment motion. Thank you for Your Honor's consideration.

Very truly yours,

SMITH MAZURE DIRECTOR WILKINS
YOUNG & YAGERMAN, P.C.

By: _____
MICHAEL V. KUNTZ

Enclosure (to be hand-delivered to the Court on 11/26/2014)
cc:
    David Horowitz, P.C.
    (enclosure to be sent via Federal Express)

RB-00124/214