# DAVID HOROWITZ, P.C.
### COUNSELOR AT LAW
276 5TH AVENUE, SUITE 306
NEW YORK, NEW YORK 10001
(T): 212-684-3630
(F): 212-685-8617

**WILLIAM J. SANYER**
**Admitted in NY & NJ**

**REVISED LETTER (3PGS) VIA E-FILE**
December 1, 2014

Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Makeda Allen Francis v. The City of New York, Riverbay Corp, et. ano.
Docket No.: 1:14-cv-01738-SAS

Dear Hon. Scheindlin:

This Firm represents the Plaintiff Makeda Allen Francis ("Plaintiff") in the above action.

Plaintiff submits this letter in response to defendant Riverbay Corporation's ("Riverbay") letter dated November 25, 2014 requesting leave to file a motion for summary judgment under Federal Rule of Civil Procedure 56 ("FRCP §56"). Riverbay's application should be denied as the record before the Court will demonstrate that questions of fact abound as to whether Riverbay's officers had probable cause to arrest Plaintiff. Concomitantly, regardless of the existence of probable cause, Plaintiff's complaint is not subject to summary dismissal because the evidence presents additional questions of fact regarding whether Riverbay's officers used excessive force against Plaintiff during her arrest.

Plaintiff's testimony, the Riverbay lobby attendant's testimony and the video reveal that Plaintiff was standing and video recording the unlawful beating of Mr. Harris at the hands of Riverbay police.[1] Plaintiff was also verbally expressing her concern over the excessive force used on Mr. Harris when the police turned their unlawful aggression on her. The video does not conclusively show that Plaintiff resisted, struck an officer or pushed an officer's arm. Plaintiff's allegations of false arrest, use of excessive force and improper sexual touching by Riverbay police are corroborated by the Riverbay lobby attendant's testimony and the video. Plaintiff was issued a summons for disorderly conduct that was dismissed.

As a result of the unlawful arrest and excessive force, Plaintiff's blouse was opened, she was improperly touched, she cracked her tooth, sustained soft tissue injuries and mental anguish requiring emergency room treatment, physical therapy, diagnostic testing and psychological therapy which continues to date.

---

[1] Riverbay's Lieutenant Bulat testified that the video shows most of the lobby but there are dead spots which are areas not in view of the security camera.

### I.      Standard for Summary Judgment

It is settled law that the movant on summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Only if this initial burden is met by the movant does the burden shift to the non-moving party to come forward with evidence demonstrating a material issue of fact warranting a Jury determination. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); FRCP §56. The material facts must be viewed in the light most favorable to the non-moving party. Gallo v. Prudential Residential Servs. Ltd. P'Ship, 22 F.3d 1219, 1222 (2d Cir. 1994). A fact is material if it might affect the outcome of a trial under the governing law, and an issue of fact is genuine if a reasonable jury could return a verdict in favor of the non-moving party. Pinter v. City of New York, 976 F.Supp.2d 539, 551 (SDNY 2013). Summary judgment may not be granted unless all the pleadings, disclosure material and affidavits show that there is no genuine issue as to any material fact and that movant is entitled to judgment as a matter of law. FRCP §56(c) and See Celotex Corp., 477 U.S. at 322; Gallo v. Prudential Residential Servs. Ltd. P'Ship, 22 F.3d 1219, 1223 (2d Cir. 1994). The role of the court is confined to issue-finding, not issue resolution. Gallo, 22 F.3d at 1224. In determining whether summary judgment is proper, a court must resolve all ambiguities against the moving party. See Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) citing U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962); Gallo, 22 F.3d at 1223. Summary judgment is inappropriate if there is evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party. Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2d Cir. 1994).

### II.     Standard for False Arrest

A claim for false arrest under 42 USC 1983 or New York State Law, requires a Plaintiff to demonstrate that the defendant intentionally confined him without his consent and without justification. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). The four elements under New York State Law are that the defendant intended to confine the plaintiff, the plaintiff was aware of the confinement, plaintiff did not consent to the confinement, and the confinement was not otherwise privileged. See Savino v. City of New York, 331 F.3d 63, 75(2d Cir. 2003). Liability for a false arrest claim under New York Law gives rise to liability under Section 1983. Savino, 331 F.3d at 75; 42 U.S.C. 1983. Section 1983 establishes liability for the deprivation, under the color of state law, "of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. §1983. The existence of probable cause, however, is a complete defense to a claim of false arrest. Id.

### III.    Standard for Probable Cause

As Your Honor held in Pinter v. City of New York, probable cause to arrest exists, when based on the totality of the circumstances, the officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime. See Pinter v. City of New York, 976 F.Supp.2d 539 (S.D.N.Y. 2013); See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) citing Dunaway v. New York, 442 U.S. 200, 208 (1979). The question of whether probable cause existed may be determined as a matter of law if there is no dispute as to the pertinent events, facts and the knowledge of the officers. Weyant, 101 F.3d at 852. Notably, a Plaintiff's dismissal of pending charges following an arrest may be admissible to

refute the justification for the arrest. See Weyant, 101 F.3d at 852 citing Broughton v. State, 37 N.Y.2d 451, 458, 373 N.Y.S.2d 87 (N.Y. 1975) cert. denied. 423 U.S. 929 (1975).

### IV. Standard on Excessive Force

Your Honor explained in Pinter v. City of New York that the "Second Circuit analyzes a Section 1983 claim of excessive force arising from an arrest under the Fourth Amendment's reasonableness test, paying careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight." See Pinter v. City of New York, 976 F.Supp.2d 539 (S.D.N.Y. 2013) citing Phelan v. Sullivan, 541 Fed. Appx. 21 (2d Cir. 2013) quoting Graham v. Connor, 490 U.S. 386, 396 (1989)(Reversing the district court's granting of summary judgment on excessive force claim). The Second Circuit has cautioned that summary judgment on an excessive force claim is generally improper given the fact specific inquiry and where the evidence is sufficient for a fact finder to reasonably conclude that the officer's conduct was objectively unreasonable under the circumstances. Amnesty Am. V. Town of West Hartford, 361 F.3d 113(2d Circ. 2004) citing O'Bert v. Varso, 331 F.3d 29, 37(2d Cir. 2003). On an excessive force claim, liability may exist where an officer "gratuitously inflicts pain in a manner that is not a reasonable response to the circumstances." Pinter v. City of New York, 976 F.Supp.2d 539 (S.D.N.Y. 2013) citing Phelan v. Sullivan, 541 Fed. Appx. 21, 25 (2d Cir. 2013)(explaining that kicks and punches while effectuating an arrest may be excessive); and See Robison v. Via, 821 F.2d 913, 923-924(2d Cir. 1989)(holding that summary judgment was inappropriate where plaintiff alleged the defendant pushed her against a car, yanked her out and threw her against the fender and twisted her arm behind her back causing bruising that lasted for weeks despite no medical treatment); Sforza v. City of New York, 2009 WL 857496 at 15 (S.D.N.Y. 2009) (holding that evidence of bruising and other nonpermanent injuries are sufficient); Di Michele v. City of New York, 2012 WL 4354763 (SDNY 2012)(denying summary judgment on excessive force claim where plaintiff testified that the handcuffs were tight enough to cause bruising and he had bruising to his neck, back of the head and back); Blair v. City of New York, 2009 WL 959547 at 10(E.D.N.Y. 2009)(rejecting the plaintiff's need to show a long term injury or continued treatment to show excessive force); See Davis v. City of New York, 2007 WL 755190(E.D.N.Y. 2007)(denying summary judgment on excessive force claim where the plaintiff alleged shoulder redness and soreness from a kick).

In light of the record and governing law, Riverbay cannot establish its defense as a matter of law. Therefore, Riverbay's application for leave to move for summary judgment should be denied. In the event, Your Honor grants leave, then Your affirmant respectfully requests that a briefing schedule be set for the submission of the motion and opposition together with proper evidentiary proof in admissible form by all parties.

Very truly yours,
DAVID HOROWITZ, PC


By: William J. Sanyer
CC:   Smith Mazure Director Wilkins Young & Yagerman, P.C.
      VIA EFILE